# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL
RIGHTS AS TO V.I.F., A MINOR.

No. 71993

JOSE BANDY,
Appellant,
vs.
CLARK COUNTY DEPARTMENT OF
FAMILY SERVICES; AND V.I.F.,
Respondents.

**FILED**

MAY 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order terminating appellant's parental rights as to the minor child. Eighth Judicial District Court, Family Court Division, Clark County; Robert Teuton, Judge.

To terminate parental rights, the district court must find clear and convincing evidence that (1) at least one ground of parental fault exists, and (2) termination is in the child's best interest. NRS 128.105(1); *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). On appeal, this court reviews questions of law de novo and the district court's factual findings for substantial evidence. *In re Parental Rights as to A.L.*, 130 Nev. 914, 918, 337 P.3d 758, 761 (2014).

Appellant argues that substantial evidence does not support the district court's parental fault findings. Having reviewed the record, we conclude that substantial evidence supports the district court's parental fault findings that appellant neglected the child, is an unfit parent, and demonstrated only token efforts to support or communicate with the child. *See* NRS 128.105(1)(b). A child is neglected when the parent "neglects or refuses to provide the special care made necessary by the child's physical or mental condition." NRS 128.014(3). A parent is unfit when "by reason of

18-18507

the parent's fault or habit or conduct toward the child or other persons, [the parent] fails to provide such child with proper care, guidance and support." NRS 128.018.

Testimony at the termination trial indicated that, upon removal from appellant's custody, the child was unable to properly perform basic tasks (e.g., feed herself, dress herself, write her name, and perform basic mathematics), despite her learning how to perform these tasks in foster care before her placement with appellant. In this, the district court found that the child's condition deteriorated while under appellant's custody.[1] Also, appellant, at one point, failed to enroll the child in school until the State intervened. Notably, the child is diagnosed with attention deficit-hyperactive disorder, fetal alcohol syndrome, and mild mental retardation. However, the district court found, and the record supports, that appellant has not been involved in the child's care by failing to participate in her various treatments and services for her intellectual and developmental disabilities, and that appellant also lacks knowledge on how to render those services for the child. Thus, we conclude that substantial evidence supports the district court's findings that appellant is an unfit parent and that he neglected the child.

Moreover, at the commencement of the termination trial, the child had been out of appellant's care for 27 consecutive months, and thus, the presumption that appellant demonstrated only token efforts to care for

---

[1] We reject appellant's argument that expert testimony was required to establish that the child's condition deteriorated. Specifically, appellant fails to demonstrate that the district court needed the assistance of scientific, technical or other specialized knowledge to infer that the child's condition deteriorated as a result of her regression in the ability to perform basic tasks. *See* NRS 50.275.

the child applies. *See* NRS 128.109(1)(a) (providing that when a child has been out of the parent's care for 14 months of any 20 consecutive months, it is presumed that the parent has demonstrated only token efforts to care for the child under NRS 128.105(1)(b)(6)); *In re Parental Rights as to M.F.*, 132 Nev., Adv. Op. 19, 371 P.3d 995, 1001 (2016) (providing that a parent must rebut the presumption by a preponderance of evidence). After the child was removed from appellant's custody, appellant attended approximately 50 percent of his once-a-week scheduled visitations in 2014. Appellant then ceased visitation and communication with the child, including sending any cards, letters, or gifts, from December 2014 until the termination trial in August 2016.[2] Appellant argues that he stopped visiting the child because her therapist precluded him from doing so; however, the therapist only recommended against visitation with appellant after he had already stopped visiting the child for more than a year. Thus, we conclude that substantial evidence supports the district court's finding that appellant made only token efforts to support or communicate with the child after she was removed from his custody.[3]

---

[2] We reject appellant's contention that the district court improperly gave unequal weight to certain witnesses regarding appellant's visitation habits. *See In re J.D.N.*, 128 Nev. 462, 477, 283 P.3d 842, 852 (2012) (providing that "[a]s the family division of the district court is in a better position to weigh the credibility of witnesses, we will not substitute our judgment for that of the district court").

[3] Because only one ground of parental fault finding is required to support the termination of parental rights, *see* NRS 128.105(1)(b), it is unnecessary for us to review the district court's remaining finding of parental fault regarding appellant's failure of parental adjustment.

Accordingly, because substantial evidence supports the aforementioned parental fault findings by the district court, and appellant does not challenge the district court's finding that termination of his parental rights is in the child's best interest, we

ORDER the judgment of the district court AFFIRMED.[4]

_____ Cherry _____, J.
Cherry

_____ Parraguirre _____, J.
Parraguirre

_____ Stiglich _____, J.
Stiglich

cc:  Hon. Robert Teuton, District Judge, Family Court Division
     Valarie I. Fujii & Associates
     Clark County District Attorney/Juvenile Division
     Legal Aid Center of Southern Nevada, Inc.
     Eighth District Court Clerk

---

[4]Appellant also argues that (1) respondent Clark County Department of Family Services (DFS) prejudiced his reunification efforts with the child because it failed to adequately explore relatives and family members for potential placement, and (2) DFS violated his due process rights by delaying his paternity test for the child. We reject the first argument because appellant failed to raise this issue below. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court . . . is deemed to have been waived and will not be considered on appeal."). We further reject the second argument because appellant fails to cogently argue or provide relevant authority to support this argument. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (providing that this court need not consider claims that are not cogently argued or supported by relevant authority).